UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-10122-JHN-PLAx                      Date:  May 16, 2012
          Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
          Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
          Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
          Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
          Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
          Medsquire, LLC v. Aprima Med. Software, Inc.

Present:  The Honorable JACQUELINE H. NGUYEN[**]

|  Alicia Mamer  | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:
          Not Present                             Not Present

**Proceedings:** ORDER CONSOLIDATING CASES FOR PRETRIAL PURPOSES
AND GRANTING DEFENDANTS' MOTIONS TO DISMISS
PLAINTIFF'S SECOND AND THIRD CLAIMS FOR RELIEF (In
Chambers)

The matter is before the Court on Defendants' Motions to Dismiss Plaintiff's
Second and Third Claims for Relief.  (Case no. 11-10122, docket no. 10; case no.
11-10124, docket no. 8; case no. 11-10125, docket no. 8; case no. 11-10126,
docket no. 8; case no. 11-10127, docket no. 10; case no. 11-10128, docket no. 8.)
The Court has read and considered the Motions and previously deemed the matter
appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local

_____

[**] Circuit Judge for the United States Court of Appeals for the Ninth Circuit,
sitting by designation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  2:11-cv-10122-JHN-PLAx                    Date:  May 16, 2012
                    Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.  2:11-cv-10124-JHN-PLAx
                    Medsquire, LLC v. Navinet, Inc.
Case No.  2:11-cv-10125-JHN-PLAx
                    Medsquire, LLC v. Pulse Systems, Inc.
Case No.  2:11-cv-10126-JHN-PLAx
                    Medsquire, LLC v. AthenaHealth, Inc.
Case No.  2:11-cv-10127-JHN-PLAx
                    Medsquire, LLC v. eClinicalWorks, LLC
Case No.  2:11-cv-10128-JHN-PLAx
                    Medsquire, LLC v. Aprima Med. Software, Inc.

Rule 7-15.  For the following reasons, the Motions are **GRANTED.**  In addition,
the Court hereby **CONSOLIDATES** the cases for pretrial purposes.

I.     BACKGROUND

On May 25, 2011, Plaintiff Medsquire, LLC ("Plaintiff" or "Medsquire") filed a
complaint in this Court against sixteen defendants, alleging (1) direct infringement
of U.S. Patent No. 5, 682, 526 (the "#526 Patent"); (2) indirect infringement of the
#526 Patent; and (3) contributory infringement of the #526 Patent.  *Medsquire,
LLC v. Spring Med. Syst. Inc., et al.*, No. 11-4504, 2011 WL 4101093 at *1 (C.D.
Cal. Aug. 31, 2011) ("*Medsquire I*").

The #526 Patent is entitled, "Method and System for Flexibly Organizing,
Recording, and Displaying Medical Patient Care Information Using Fields in a
Flowsheet."  (Compl. ¶ 7; case no. 11-10122; docket no. 1.)  This patent intends to
"enable[] users to customize a patient information hierarchy, which defines and
organizes the information that may be stored about each patent . . . ."  (Id. at Ex. A,
p. 14.)

On August 31, 2011, this Court dismissed the complaint, finding that Plaintiff's
allegations failed to satisfy the pleading standards set forth in *Twombly* and *Iqbal*.
*Medsquire I*, 2011 WL 4101093 at *2–4 (citing *Bell Atl. v. Twombly*, 550 U.S. 544
(2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)).  (Case no. 11-4504; docket no.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-10122-JHN-PLAx                              Date:  May 16, 2012
                Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
                Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
                Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
                Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
                Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
                Medsquire, LLC v. Aprima Med. Software, Inc.

79.)  On September 21, 2011, Plaintiff filed an amended complaint.  (Case no. 11-4504; docket no. 80.)  In accordance with the parties' stipulation, the Court dismissed all of Plaintiff's indirect infringement claims with leave to amend, if Plaintiff has newly discovered facts relating to each Defendant's knowledge of the patent at the time of the alleged indirect infringement.  (Case no. 11-4504; docket nos. 101, 103.)

On December 1, 2011, the Court granted Defendants' Joint Motion to Dismiss All But One Defendant for Misjoinder.  (Case no. 11-4504; docket no. 139.)

On December 6, 2011, Plaintiff filed six separate complaints against the above-named Defendants.  (Case nos. 11-10122, 11-10124, 11-10125, 11-10126, 11-10127, 11-10128; docket no. 1.)  The complaints are essentially identical, substituting only the name of each Defendant and several alleged customers.  On February 3, 2012, Defendants each filed identical Motions to Dismiss Plaintiff's Second and Third Claims for Relief ("Motions" or "Motion").  Plaintiff filed an Opposition to all the Motions, and Defendants filed identical Replies.[1]

---

[1] For purposes of this Order, the Court cites to the Motion, Opposition, and Reply papers filed under *Medsquire v. Compulink Bus. Sys., Inc.*, 2:11-cv-10122-JHN-PLAx.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-10122-JHN-PLAx                    Date:  May 16, 2012
              Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
              Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
              Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
              Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
              Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
              Medsquire, LLC v. Aprima Med. Software, Inc.

## II.   LEGAL STANDARD

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C*, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain a "short plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 556 (2007).  In *Twombly* and *Iqbal*, the Supreme Court held that Rule 8(c)'s "short plain statement" must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  In other words, a plaintiff must "nudge[ ] [his] claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-10122-JHN-PLAx                     Date:  May 16, 2012
              Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
              Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
              Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
              Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
              Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
              Medsquire, LLC v. Aprima Med. Software, Inc.

If the Court dismisses the complaint, it must decide whether to grant leave to amend.  Denial of leave to amend is "improper unless it is clear that the complaint could not be saved by any amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005) (citation omitted).

    III.   DISCUSSION

  A. **Consolidation**

When the Court granted Defendants' Joint Motion and dismissed Defendants from *Medsquire I*, it did so on the understanding that Defendants anticipated presenting individualized defenses.  (*See* Case no. 11-4504; docket no. 139.)  However, it is obvious that there is substantial coordination among Defendants by the fact that they filed identical briefs in connection with the instant Motions.  The apparent reversal in course suggests that Defendants' prior claims of misjoinder in *Medsquire I* may have been exaggerated, if not disingenuous.  Regardless, in light of the unity of issues among these six (6) cases, the Court **ORDERS the CONSOLIDATION** of the above-referenced cases **for PRETRIAL PURPOSES** pursuant to Federal Rule of Civil Procedure 42(a).  The Court will determine how this matter should be tried—whether jointly, in phases, or bifurcated with regard to certain issues—at or before the Final Pretrial Conference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

Case No.   2:11-cv-10122-JHN-PLAx                         Date:  May 16, 2012
           Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
           Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
           Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
           Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
           Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
           Medsquire, LLC v. Aprima Med. Software, Inc.

For ease of record keeping, the Court orders that **all further documents and
proceedings occur under *Medsquire, LLC v. Compulink Bus. Sys., Inc. et al.*,
Case no. 2:11-cv-10122-JHN-PLAx only, and that Case nos. 2:11-cv-10124-
JHN-PLAx, 2:11-cv-10125-JHN-PLAx, 2:11-cv-10126-JHN-PLAx, 2:11-cv-
10127-JHN-PLAx, and 2:11-cv-10128-JHN-PLAx, be closed.**

### B.  **Dismissal**

"In order to prevail on an inducement claim, the patentee must establish first that
there has been direct infringement, and second that the alleged infringer knowingly
induced infringement and possessed specific intent to encourage another's
infringement." *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307,
1312 (Fed. Cir. 2007) (quoting *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303
F.3d 1294, 1304–05 (Fed. Cir. 2002)) (internal quotation marks omitted).
"Specific intent requires a 'showing that the alleged infringer's actions induced
infringing acts and that he knew or should have known his actions would induce
actual infringements.'" *Id.* (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d
1293, 1304 (Fed. Cir. 2006)).

In its indirect infringement claim, Plaintiff alleges:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-10122-JHN-PLAx                    Date:  May 16, 2012
           Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
           Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
           Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
           Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
           Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
           Medsquire, LLC v. Aprima Med. Software, Inc.

33. Defendant Compulink has indirectly infringed and continues to indirectly infringe the '526 patent by actively inducing direct infringement by other persons.

34. Customers of Compulink, including hospitals, medical groups, and/or individual medical providers, use the Advantage/ERR Version 10 system.  Compulink's customers, who directly infringe the '526 patent include, for example, the Center for Sight and Authier Miller Pape Eyecare Consultants.  Compulink provides instruction regarding the use of the Advantage/ERR Version 10 System.

35. The Advantage/ERR Version 10 System infringes one or more of the claims of the '526 patent for the reasons set forth under the Facts Common to Each Claim for Relief and the allegations regarding direct infringement.

36. Compulink had knowledge of the '526 patent at least by May 26, 2011, when Plaintiff notified Compulink of the patent and its infringement.  After this date, Compulink knew or should have known that its continued sale of the Advantage/ERR Version 10 system, and its continued support of the Advantage/ERR Version 10 system by existing users would induce indirect

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

Case No.   2:11-cv-10122-JHN-PLAx                        Date:  May 16, 2012
           Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
           Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
           Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
           Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
           Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
           Medsquire, LLC v. Aprima Med. Software, Inc.

---

infringement by those users.   Further, Compulink intended that its continued actions would induce direct infringement by those users . . . .

(Compl. ¶¶ 33–36.)

First, Plaintiff's allegations of direct infringement are insufficient.  *See ACCO Brands, Inc.*, 501 F.3d at 1313 ("In order to prove direct infringement, a patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit.") (citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1275–76 (Fed. Cir. 2004)).  Here, Plaintiff does nothing more than list several of Defendants' alleged customers, and assert that they "directly infringe the '526 patent[.]"  (Compl. ¶ 34.)  This bare assertion is insufficient to establish direct infringement by third parties.  Without plausibly alleging that Defendants' customers infringe the '526 patent, Plaintiff cannot state a claim for indirect infringement by virtue of its sales to these entities.

Furthermore, the Complaint does not allege sufficient facts for the Court to infer that Defendants had knowledge of the '526 patent at the time of the alleged infringement.  Plaintiff asserts that Defendants knew or should have known of the '526 patent at least by May 26, 2011, the day after the first lawsuit was filed.  However, courts have held that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."  *Xpoint Tech., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d (D. Del. 2010) (citing *Mallinckrodt*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

Case No.   2:11-cv-10122-JHN-PLAx                              Date:  May 16, 2012
           Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
           Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
           Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
           Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
           Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
           Medsquire, LLC v. Aprima Med. Software, Inc.

*I*, 670 F. Supp. 2d at 354 n. 1 ("The [c]ourt is not persuaded by [p]laintiffs'
contention that the requisite knowledge can be established by the filing of the
[p]laintiffs' [c]omplaint.")); *see also Aguirre v. Powerchute Sports, LLC*, No. 10-
0702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent Aguirre
relies on knowledge of Aguirre's patent after the lawsuit was filed, such
knowledge is insufficient to plead the requisite knowledge for indirect
infringement."); *but see Groupon Inc. v. MobGob LLC*, No. 10-7456, 2011 WL
2111986, at *3 (N.D. Ill. May 25, 2011) ("It is reasonable to infer that MobGob
had actual knowledge of Groupon's public patent (or at least that it has such
knowledge know and allegedly continues its activities."); *Trading Tech. Int'l, Inc.
v. BCG Partners, Inc.*, No. 10-715 et al., 2011 WL 3946581, at *4 (N.D. Ill. Sept.
2, 2011) (agreeing with the district court's decision in *Groupon*, 2011 WL
2111986, at *3).

Plaintiff contends that the above authority is distinguishable, because Defendants
were aware of the '526 patent prior to the "present action" by virtue of Plaintiff's
*original* lawsuit, (*Medsquire I*, Case no. 11-4504), from which Defendants were
dismissed for misjoinder.  (Opp'n at 8.)  The Court is not persuaded by Plaintiff's
argument. The instant cases are, in essence, an extension of the litigation initiated
on May 25, 2011 in Case no. 11-4504.  Moreover, even if the Court were to
consider knowledge of the '526 patent after filing of the original lawsuit to be
sufficient, Plaintiff has not alleged that Defendants indirectly infringed the '526
patent after they were apprised of its existence.  Plaintiff's conclusory statement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-10122-JHN-PLAx                          Date:  May 16, 2012
           Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
           Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
           Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
           Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
           Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
           Medsquire, LLC v. Aprima Med. Software, Inc.

that Defendant "has indirectly infringed and continues to indirectly infringe the
'526 patent" does not satisfy the plausibility standard set forth in *Twombly/Iqbal*.

Plaintiff's third claim for contributory infringement also fails.  "For contributory
infringement, an infringer must sell, offer to sell or import into the United States a
component of an infringing product "knowing [the component] to be especially
made or especially adapted for use in an infringement of such patent, and not a
staple article or commodity of commerce suitable for substantial non-infringing
use."  *Xpoint Tech., Inc.*, 730 F. Supp. 2d at 356 (quoting 35 U.S.C.  271(c)) (citing
*Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009)).
"Therefore, an allegation of contributory infringement must also plead requisite
knowledge of the patent-in-suit at the time of infringement."  *Id.* (citing
*Mallinckrodt I*, 670 F. Supp. 2d at 355).  The requisite knowledge may be
established by actual knowledge that the "induced acts constitute patent
infringement" or "under the doctrine of willful blindness."  *Global-Tech
Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).

Plaintiff's contributory infringement claim merely restates the elements of the
cause of action in conclusory terms.  (Compl. ¶¶ 38–42.)  These bare assertions do
not satisfy the plausibility standard set forth by the Supreme Court in *Twombly* and
*Iqbal*.  Moreover, Plaintiff has not adequately pleaded Defendants' knowledge of
the patent.  Plaintiff fails to allege facts from which the Court can infer that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-10122-JHN-PLAx                          Date:  May 16, 2012
           Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
           Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
           Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
           Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
           Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
           Medsquire, LLC v. Aprima Med. Software, Inc.

Defendants engaged in contributory infringement *after* they acquired knowledge of
the patent by virtue of Plaintiff's lawsuit.

   IV.   CONCLUSION

In light of the foregoing, the Court **CONSOLIDATES** the above-named actions
for the purpose of pretrial coordination and **GRANTS** Defendants' Motions to
Dismiss Plaintiffs' Second and Third Claims for Relief **WITH LEAVE TO
AMEND**.  (*See* Case no. 11-10122; docket no. 10.)  Plaintiff may file a
Consolidated Amended Complaint **by no later than June 25, 2012**, if Plaintiff is
able to do so consistent with this Order.  If Plaintiff does not wish to amend to
reassert the dismissed claims, no consolidated complaint is necessary, and
Defendants shall answer the currently filed Complaints.

The Court orders the consolidation of the above-referenced cases for all purposes
and for trial.  For ease of record keeping, the Court orders that all further
documents and proceedings occur under Case Number   **2:11-cv-10122-JHN-PLA,**
only, and that Cases Numbered 2:11-cv-10124-JHN-PLA, 2:11-cv-10125-JHN-PLA, 2:11-
cv-10126-JHN-PLA, 2:11-cv-10127-JHN-PLA, and 2:11-cv-10128-JHN-PLA be closed.

**Counsel are directed to file all further documents under Case Number
2:11-cv-10122-JHN-PLA,** *only* **.**

CIVIL MINUTES—GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

Case No.   2:11-cv-10122-JHN-PLAx                            Date:  May 16, 2012
           Medsquire, LLC v. Compulink Bus. Sys., Inc.
Case No.   2:11-cv-10124-JHN-PLAx
           Medsquire, LLC v. Navinet, Inc.
Case No.   2:11-cv-10125-JHN-PLAx
           Medsquire, LLC v. Pulse Systems, Inc.
Case No.   2:11-cv-10126-JHN-PLAx
           Medsquire, LLC v. AthenaHealth, Inc.
Case No.   2:11-cv-10127-JHN-PLAx
           Medsquire, LLC v. eClinicalWorks, LLC
Case No.   2:11-cv-10128-JHN-PLAx
           Medsquire, LLC v. Aprima Med. Software, Inc.

Any/all Court dates in 2:11-cv-10124-JHN-PLA, 2:11-cv-10125-JHN-PLA, 2:11-cv-10126-JHN-PLA, 2:11-cv-10127-JHN-PLA, and 2:11-cv-10128-JHN-PLA are hereby VACATED.

IT IS SO ORDERED.

*The clerk shall*:

ENTER **J'S-6** as to cases 2:11-cv-10124-JHN-PLA, 2:11-cv-10125-JHN-PLA, 2:11-cv-10126-JHN-PLA, 2:11-cv-10127-JHN-PLA, and 2:11-cv-10128-JHN-PLA, only,  Counsel in cases      2:11-cv-10124-JHN-PLA, 2:11-cv-10125-JHN-PLA, 2:11-cv-10126-JHN-PLA, 2:11-cv-10127-JHN-PLA, and 2:11-cv-10128-JHN-PLA shall be added to the Court docket for service under case **2:11-cv-10122-JHN-PLA**.

                                    ___: N/A
                      Initials of Preparer     AM